UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WANDA J. BILLINGS                                                                                   PLAINTIFF

V.                                    No. 4:21-CV-629 KGB-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                    DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.  Procedural History

On March 8, 2019, Plaintiff, Wanda J. Billings ("Billings"), applied for disability and disability insurance benefits. (Tr. at 152). On the same date, she filed an application for supplemental security income. *Id*. In both applications she alleged that her disability began on June 15, 2013.[1] *Id*. In a written decision dated July 22,

---

[1] Billings acquired sufficient quarters of coverage to remain insured through June 30, 2015 (which represents the end date of the relevant time-period for determination of eligibility for

2020, an Administrative Law Judge ("ALJ") denied Billings's applications. (Tr. at 162).

The ALJ found that Billings had not engaged in substantial gainful activity since the application date of March 8, 2019.[2] (Tr. at 155). At Step Two, the ALJ found that Billings had the following severe impairments: arthropathy, hypertension, obesity, diabetes, sciatica, degenerative disc disease of the lumbar spine, depression, and panic disorder. *Id.*

After finding that Billings's impairments did not meet or equal a listed impairment (Tr. at 156–157),[3] the ALJ determined that Billings had the residual functional capacity ("RFC") to perform work at the medium exertional level, with the following additional limitations: (1) she can maintain concentration, persistence, and pace for simple and detailed but less than complex tasks; (2) she can understand, carry out, and remember simple and detailed but less than complex work instructions

---

disability and disability insurance benefits). (Tr. at 153). Billings amended her alleged onset date to March 8, 2019 (which is the application date for her supplemental security income claim). (Tr. at 153). Therefore, Billings's application for disability and disability insurance benefits was dismissed. *Id.*

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[3] See 20 C.F.R. Part 404, Subpt. P, Appendix 1.

and procedures; (3) she can make simple and detailed but less than complex work-related decisions; and (4) she can respond appropriately to simple and detailed but less than complex work-setting changes. (Tr. at 157).

Relying upon testimony from a Vocational Expert ("VE"), as well as Billings's own testimony, the ALJ determined that Billings was unable to perform any of her past relevant work.[4] (Tr. at 160). At Step Five, the ALJ utilized the VE's testimony to find that, considering Billings's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions such as case aide and companion. (Tr. at 161–162). Thus, the ALJ concluded that Billings was not disabled. *Id*.

On September 10, 2020, Billings's attorney requested that the Appeals Council review the ALJ's decision. (Tr. at 240–243). The Appeals Council reviewed the ALJ's decision and found that it was not supported by substantial evidence. (Tr. at 245). Specifically, the Appeals Council determined that Billings could return to her past relevant work as a certified nurse aide, contrary to the ALJ's finding that she could not return to her past work. (Tr. at 4–7). The Appeals Council found that Billings was not disabled based on its Step Four decision. *Id*. Thus, the Appeals

---

[4] Billings's past relevant work was that of a certified nurse aide (Dictionary of Occupational Titles 355.674-014, medium exertional level, but can be performed at heavy or very heavy exertional level, semi-skilled, SVP 4). (Tr. at 160, 89–90).

Council's decision became the final decision of the Commissioner, and Billings has requested judicial review.

For the reasons stated below, this Court should reverse the final decision of the Commissioner and remand for further review.

## II. Discussion

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Billings's Arguments on Appeal

Billings contends that the evidence supporting the ALJ's decision to deny her application for benefits is less than substantial. She argues that: (1) the RFC for medium exertional work exceeded her functional abilities; (2) the ALJ did not properly evaluate the medical opinion evidence; and (3) Billings would not be able to perform the jobs identified by the VE at Step Five. While Billings does not specifically raise the argument that the Appeals Council erred in finding that she could perform her past relevant work, the gist of Billings's brief is that she could not perform medium exertional work. The Court finds error in how both the ALJ and the Appeals Council considered Step Four.

As an initial matter, the Court adopts the holding in *Smith v. Berryhill,* 139 S. Ct. 1765 (2019), that it may review a final decision by the Appeals Council. In *Smith*, the Appeals Council dismissed a disability application based on timeliness, and the Supreme Court determined that such dismissal constituted a final agency action subject to judicial review. *Id*. The Appeals Council's decision was a "claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing [the claimant's] claim past the key procedural post (a hearing) mentioned in 42 U.S.C. § 405(g)." *Id*. at 1776. See *Bowen v. Michigan Academy of Family Physicians*, 476 U. S. 667, 670 (1986) (there is a "strong presumption that Congress intends judicial review of administrative action.")

In this case, Billings testified that she had severe back pain, which radiated to her legs and knees. (Tr. at 77–82). She said she could perform a modicum of household chores, if she took frequent breaks. *Id*. She said that she had to sit down by the time she walked from her car to the front of the grocery store. *Id*. Billings reported that she took 800 mg Ibuprofen, arthritis medication, narcotics, and Flexeril for pain; she said that someone had to drive her to pick up her prescriptions. *Id*.

Musculoskeletal examinations generally revealed normal range of motion in her back and legs, with intact sensory and motor strength. (Tr. at 159, 438–439, 459–460). However, the medical opinion of a consultative examiner suggested that Billings had significant physical limitations from pain. At the Agency's request, Ben

Schurhamer, M.D., conducted a complete clinical examination of Billings on October 7, 2019. (Tr. at 458–460). Dr. Schurhamer concluded that:

> Based on today's examination and the subjective evidence, I believe that the claimant should be able to sit, walk, stand, and lift/carry objects up to 10 pounds for a partial workday secondary to severe lumbago, sciatic, and degenerative disc disease. (Tr. at 460).

Two Disability Determination Services ("DDS") medical experts reviewed the records and found that Billings would be capable of medium work, contradicting Dr. Schurhamer's opinion.[5] Medium work is defined as lifting or carrying no more than 50 pounds at a time with frequent lifting and carrying of up to 25 pounds, with a good deal of walking or standing. 20 C.F.R. § 404.1567(c).

At the hearing, the ALJ asked Billings to describe her past work as a certified nurse aide. She said that she was on her feet all day long and that she had to lift and bathe patients as heaving as 280 pounds. (Tr. at 76). The ALJ then asked the VE to classify the work of certified nurse aide. (Tr. at 89–90). The VE stated that the job is "medium, per the DOT, but now, realistically, this work ranges from heavy to very heavy at times. . ." *Id*. The ALJ next asked the VE whether an individual with an RFC for medium work with additional mental limitations could return to the past work as a certified nurse's aide. *Id*. The VE responded: "As the DOT describes it,

---

[5] Both DDS opinions cite to a medical opinion from May 15, 2019, stating that Billings could not lift/and or carry more than 15 pounds. (Tr. at 100, 103, 110, 129).

yes, sir, but not as realistically performed in your's [sic] care facilities." (Tr. at 90). Based on the medical evidence, Billings's testimony, and the VE's testimony, the ALJ determined that Billings could not return to her past work. (Tr. at 160). But, at Step Five, the ALJ found that she was not disabled because she could perform other work in the national economy. (Tr. at 161–162).

Upon review, the Appeals Council found that Billings could return to her past relevant work. (Tr. at 4–7). But the Appeals Council did not elicit further vocational evidence, or ask for any clarification from Billings, or otherwise develop medical evidence, or explain in any detail its position (which was directly opposite of the ALJ's). This was error. See *Nimick v. Secretary of Health & Human Services*, 887 F.2d 866 (8th Cir. 1989) (the ALJ has "a duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform that past relevant work.") The *Nimick* Court, in reversing the ALJ's decision to deny benefits, suggested that if the evidence concerning Ms. Nimick's abilities and the nature of her past relevant work was in question, the ALJ should have, for example, "referred to the DOT, requested information from Ms. Nimick's former employer, or conducted more extensive questioning of Ms. Nimick herself." (*Id*. at 867–868). Certainly, whether Billings could return to her past relevant work was in question because the ALJ and the

8

Appeals Council were in direct conflict on that point. It does not matter which agency actor failed Billings; the failure is apparent.

Billings's claim got mishandled at Step Four, so reversal is warranted. Billings has a right to further development of the record with respect to her physical limitations and her past relevant work, and whether she could "realistically" perform that work today. (Tr. at 89–90).

### III. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ and the Appeals Council committed error at Step Four.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 13th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE